# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES K. JORDAN,

               Plaintiff,

    v.

WONDERFUL CITRUS PACKING LLC, a
California limited liability company, and
DOES 1-10, inclusive,

               Defendant.

**CASE NO. 1:18-cv-0401-AWI-SAB**

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS FOR FAILURE
TO STATE A CLAIM**

## I. Introduction

Plaintiff James K. Jordan ("Plaintiff") was an employee of Wonderful Citrus Packing
LLC ("Defendant") from June of 2015 to November 3, 2017, when he was terminated. Plaintiff
brings the instant action for violation of the Age Discrimination in Employment Act ("ADEA"),
related state age discrimination claims, claims sounding in contract, a defamation claim, and
claims of intentional and negligent infliction of emotional distress, all related to the
circumstances surrounding the termination of his employment. Defendant moves to dismiss the
negligent and intentional infliction of emotional distress claims, contending primarily that they
are barred by California's Workers' Compensation Act ("WCA") exclusive remedy rule.
Plaintiff argues that his claims fall within an exception to the general bar because "Defendant's
conduct violated public policy and included tortious conduct such as defamation…." Doc. 8 at 6.
For the following reasons, Defendant's motion to dismiss will be granted.

## II. Background

Plaintiff "has lived in the Central valley of California his entire life." Complaint, Doc. 1
("Compl.") at ¶ 8. Since high school, Plaintiff has worked in agriculture. *Id*. at ¶ 9. Plaintiff has

specialized in citrus production since 1991. *Id.* at ¶ 12. Plaintiff began his citrus production career with Paramount Citrus Association. *Id.* at ¶¶ 11-12. During his time with Paramount Citrus Association, Plaintiff was promoted several times, ultimately to ranch manager. *Id.* at ¶ 14.

In 2006, Plaintiff's "employer changed" to Paramount Citrus Cooperative.[1] Compl. at ¶ 15. While working for Paramount Citrus Cooperative, Plaintiff was given managerial authority over several additional ranches in 2008 or 2009 and again in 2014. *Id* at 16. Plaintiff was then promoted to Senior Farming Director, oversaw more than 7,000 acres of citrus farms, and was responsible for training new workers. *Id.* at ¶ 17.

In June of 2015, Plaintiff's "employer [again] changed" to Wonderful Citrus Cooperative. Plaintiff maintained the same responsibilities. Compl. at ¶ 18.

On November 3, 2017, Plaintiff's employment was terminated. Compl. at ¶ 19. "There was no valid explanation as to why" Plaintiff had been fired. *Id*. Plaintiff "did not receive any severance package or any bonus he was owed." *Id*. Plaintiff alleges, "[o]n information or belief, [that] Wonderful conducted a sham investigation which involved threats, intimidation, and coercion in order to fabricate a basis for terminating" Plaintiff. *Id.* at ¶ 20. Plaintiff further alleges, "[o]n information and belief, [that he] was replaced with someone much younger and with much less experience and qualifications." *Id.* at ¶ 22.

After his termination, Plaintiff learned that the "management level employees at Wonderful," including Wonderful's representative Craig Cooper, had made statements that [Plaintiff] was involved in criminal activities, that he had been involved in changing time cards and was stealing from the company." Compl. at ¶ 23. That "representation was completely false…." *Id*.

### III. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed where a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A

---

[1] The Court reads that allegation to mean that Paramount Citrus Association was renamed to Paramount Citrus Cooperative. It does not read that allegation to mean that Plaintiff left the former for the latter.

dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015); *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008). However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 278 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Ninth Circuit has distilled the following principles from *Iqbal* and *Twombly*:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). If a Rule 12(b)(6) motion is granted, the "district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend should be granted unless amendment would be futile. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002); *see Petersen v. Boeing Co.*, 715 F.3d 276, 282 (9th Cir. 2013)

1 (requiring that "leave to amend … be granted with extreme liberality") (internal quotation marks
2 omitted).

### IV. Discussion

4   The claims addressed in this order on motion to dismiss arise under California law. It is
5 Defendant's position that those negligent and intentional infliction of emotional distress claims
6 fall within the ambit of the WCA and therefore workers' compensation provides the exclusive
7 remedy.

8   In all but some exceptional circumstances, WCA provides the remedy under California
9 law for an employee based on an injury occurring during the normal course of employment. Cal.
10 Lab. Code §§ 3600(a), 3602(a); *see Miklosy v. Regents of Univ. of Cal.,* 44 Cal. 4th 876, 902
11 (2008) (holding that when "alleged wrongful conduct ... occur[s] at the worksite, in the normal
12 course of the employer-employee relationship ... workers' compensation is a plaintiff['s]
13 exclusive remedy for any injury that may" result). In order for an incident giving rise to an injury
14 to fall within the scope of employment, "the injury must be an outgrowth of the employment, the
15 risk of injury must be inherent in the workplace, or typical of or broadly incidental to the
16 employer's enterprise." *Torres v. Parkhouse Tire Serv., Inc.*, 26 Cal. 4th 995, 1008 (2001). As a
17 general matter, situation that may provide an employee an exception from workers'
18 compensation as an exclusive remedy include an employer's "contravene[tion of] fundamental
19 public policy," such as employment discrimination, *Miklosky*, 44 Cal.4th at 902-903; *Livitsanos*
20 *v. Superior Court*, 2 Cal.4th 744, 755 n.7 (1992) (citing *Tameny v. Atlantic Richfield Co.* 27
21 Cal.3d 167 (1980), or an employee being subjected to risks in excess of those inherent in the
22 employment relationship, *Miklosky*, 44 Cal.4th at 902. *See Reef v. Jani-King of California, Inc.*,
23 2018 WL 707560, *5 (N.D. Cal. Feb. 8, 2018).

24   The fundamental public policy exception is designed to permit direct claims of wrongful
25 termination in violation of public policy based on discrimination or retaliation for some protected
26 conduct. *Miklosy*, 44 Cal.4th at 902-903; *Grotz v. Kaiser Found. Hosp.*, 2012 WL 5350254, *10
27 (N.D. Cal. Oct. 29, 2012). It was not designed to, and does not, exempt derivative claims from
28 the scope of workers' compensation exclusivity merely because the plaintiff incorporates

allegations of discrimination. *Miklosy*, 44 Cal.4th at 902-903 (citing *Shoemaker v. Meyers*, 52 Cal.3d 1, 25 (1990) ("To the extent plaintiff purports to allege any distinct cause of action, not dependent upon the violation of express statute or violation of fundamental public policy, but rather directed at the intentional, malicious aspect of defendants' conduct, that claim is covered by the workers' compensation exclusivity provisions.") The fundamental public policy exception does not apply "to an intentional infliction of emotional distress claim." *Reef*, 2018 WL 707560, *5. Plaintiff's emotional distress claims are not saved by incorporation of allegations of age discrimination within those claims. *Id.*; *Miklosy*, 44 Cal.4th at 903; *Shoemaker v. Meyers,* 52 Cal.3d at 25.

Plaintiff does not expressly contend in his opposition that the second exception—defendant's conduct fell outside of the conduct which is a normal part of the employment relationship—is applicable to his intentional and negligent infliction of emotional distress claims. Such an argument would not be of merit. As the *Reef* court explained, that "exception 'might seem at first blush to apply here,' but [it was] rejected in *Shoemaker* under analogous circumstances." *Reef*, 2018 WL 707560 at *5 (quoting *Miklosy*, 44 Cal.4th at 903); *Rafieh v. Safeway, Inc.*, 2017 WL 1479237, *3 (N.D. Cal. Apr. 25, 2017); *Shoemaker*, 52 Cal.3d at 25.

Plaintiff's intentional and negligent infliction of emotional distress claims are barred by the exclusivity provisions of the WCA. No allegation of additional facts could cure the defect. Amendment would be futile and no leave to amend will be granted.

### V. Order

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's eighth and ninth claims for intentional infliction of emotional distress and negligent infliction of emotional distress are dismissed without leave to amend.

IT IS SO ORDERED.

Dated:   May 15, 2018

_____
SENIOR DISTRICT JUDGE