# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES K. JORDAN,**<br><br>    **Plaintiff,**<br><br>    **v.**<br><br>**WONDERFUL CITRUS PACKING LLC,**<br>**a California limited liability company,**<br><br>    **Defendant.** | **CASE NO. 1:18-CV-00401-AWI-SAB**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO DISMISS AND FOR DEFENDANT TO SHOW CAUSE** |

Before the Court is Plaintiff/Counter-defendant James K. Jordan's motion to dismiss the counterclaim for unjust enrichment by Defendant/Counter-plaintiff Wonderful Citrus Packing LLC ("Wonderful Citrus"). See Doc. Nos. 18, 18-1. In the motion, Jordan argues that California law does not recognize unjust enrichment as a standalone claim for relief and, consequently, Wonderful Citrus's unjust enrichment counterclaim must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Jordan also moves the Court to dismiss Wonderful Citrus's civil conspiracy counterclaim to the extent the civil conspiracy is based on unjust enrichment. For the following reasons, the Court will deny Jordan's motion to dismiss Wonderful Citrus's unjust enrichment counterclaim and order Wonderful Citrus to show cause why its civil conspiracy counterclaim should not be dismissed.

## **RULE 12(b)(6) FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the claimant's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the

absence of sufficient facts alleged under a cognizable legal theory. See Mollett v. Netflix, Inc., 795 F.3d 1062, 1065 (9th Cir. 2015).  In reviewing a complaint under Rule 12(b)(6), all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Kwan v. SanMedica, Int'l, 854 F.3d 1088, 1096 (9th Cir. 2017).  However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Johnson v. Federal Home Loan Mortg. Corp., 793 F.3d 1005, 1008 (9th Cir. 2015).  The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC, 733 F.3d 1251, 1254 (9th Cir. 2013).  To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678; Mollett, 795 F.3d at 1065.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678; Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "Plausibility" means "more than a sheer possibility," but less than a probability, and facts that are "merely consistent" with liability fall short of "plausibility." Iqbal, 556 U.S. at 678; Somers, 729 F.3d at 960.  The Ninth Circuit has distilled the following principles for Rule 12(b)(6) motions: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; and (2) the factual allegations that are taken as true must plausibly suggest entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Levitt v. Yelp! Inc., 765 F.3d 1123, 1135 (9th Cir. 2014).  In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters subject to judicial notice. In re NVIDIA Corp. Sec. Litig., 768 F.3d 1046, 1051 (9th Cir. 2014).  If a motion to dismiss is granted, "[the] district court should grant leave to

amend even if no request to amend the pleading was made . . . ." Ebner v. Fresh, Inc., 838 F.3d 958, 962 (9th Cir. 2016). However, leave to amend need not be granted if amendment would be futile or the plaintiff has failed to cure deficiencies despite repeated opportunities. Garmon v. County of L.A., 828 F.3d 837, 842 (9th Cir. 2016).

**FACTUAL BACKGROUND**

According to Wonderful Citrus's counterclaim, Wonderful Citrus is a company that farms multiple ranches in Central California. Doc. No. 15 ¶¶ 1, 12-13. Jordan was a former employee for Wonderful Citrus who worked on some of its ranches. Id. at ¶ 8. At the same time, Jordan also owned his own farm and co-owned another farm. Id. at ¶ 12. In addition to its employees, Wonderful Citrus used the services of various third-party farm labor contractors ("FLCs"). Id. at ¶ 13. The FLCs provided field workers to Wonderful Citrus to perform various work on the ranches. Id.

Wonderful Citrus engaged in certain practices to help its employees who managed their own personal farms, like Jordan. Id. at ¶ 14. For example, Wonderful Citrus allowed its employees to use its FLC field workers on the employees' personal farms. Id. Employees who used this allowance were required to pay for the labor performed by the FLC field workers. Id. at ¶ 15. Additionally, Wonderful Citrus allowed its employees to procure farming goods, such as fertilizer and farm equipment, from Wonderful Citrus for the employees' personal farms. Id. at ¶ 14. Like they were required to do with the FLC field workers, the employees had to pay Wonderful Citrus for the goods. Id. at ¶ 15. Additionally, Wonderful Citrus occasionally bought the fruit grown on its employees' personal farms. Id. at ¶ 16.

While working for Wonderful Citrus, Jordan allegedly deceitfully enriched himself at the expense of Wonderful Citrus in several ways. First, Jordan used Wonderful Citrus's FLC field workers on his own personal farms, but Jordan doctored the field workers' time sheets so that they incorrectly showed the field workers as having worked on Wonderful Citrus's farms, not Jordan's. Id. at ¶ 17. As a result, Jordan was not billed and did not pay for the field workers used on his personal farms. Id. Second, Jordan engaged in a scheme with an FLC wherein the FLC sent field workers to work on Wonderful Citrus's farms but, with Jordan's cooperation and approval, billed

3

for a greater number of workers than were sent.  Id. at ¶ 19.  After Wonderful Citrus paid the FLC for the artificially inflated number of workers, the FLC and Jordan pocketed the extra money.  Id.  Third, Jordan filled his personal propane gas tank and billed the cost of the gas to Wonderful Citrus.  Id. at ¶ 20.  Fourth, Jordan used Wonderful Citrus's workers and farming equipment on his personal farm, but Jordan did not pay Wonderful Citrus for the workers or equipment.  Id. at ¶ 21.  Fifth, Jordan used Wonderful Citrus employees to run personal errands for himself while the employees were on the clock for Wonderful Citrus.  Id. at ¶ 23.

Based on the foregoing, Wonderful Citrus pleaded four claims for relief against Jordan: conversion, fraud, unjust enrichment, and civil conspiracy (based on the conversion, fraud, and unjust enrichment).  Wonderful Citrus asserted that the Court has supplemental jurisdiction over its counterclaims because Jordan's claims arise out of the same transactions and occurrences that form the basis of Wonderful Citrus's counterclaims.  Id. at ¶ 5.

With respect to Jordan's claims against Wonderful Citrus, Jordan alleged that he was terminated by Wonderful Citrus because he was getting old.  Doc. No. 1 ¶ 30.  Jordan pleaded nine claims for relief, including a federal claim for violation of the Age Discrimination in Employment Act.  Jordan asserted that the Court has jurisdiction over his claims because a federal question has been presented and the parties are completely diverse.  Id. at ¶¶ 4-5.

## PLAINTIFF'S MOTION

*Plaintiff/Counter-Defendant's Argument*

Jordan argues that Wonderful Citrus's counterclaim for unjust enrichment should be dismissed because "[u]nder California law, there is no freestanding action for unjust enrichment." Doc. 18-1, at 4:12.  As support for this argument, Jordan cites to several federal judicial decisions from this district, the Central District of California, the Northern District of California, and the California Courts of Appeal.  Id. at 4.

Jordan also argues that Wonderful Citrus's counterclaim for civil conspiracy should be dismissed insofar as the civil conspiracy is premised on unjust enrichment (as opposed to conversion or fraud).  Jordan reasons that there cannot be a conspiracy to commit unjust

4

enrichment because civil conspiracy "must be activated by the commission of the actual tort" and "unjust enrichment is not a separate cause of action." Id. at 5:17-18, 5:22.

*Defendant/Counter-Plaintiff's Argument*

Wonderful Citrus argues that its unjust enrichment counterclaim should not be dismissed for two reasons. First, an unjust enrichment claim may be construed as a quasi-contract claim, which is a viable claim for relief in California. To support this argument, Wonderful Citrus points to Astiana v. Hain Celestial Group, Inc., 783 F.3d 753 (9th Cir. 2015), wherein the Ninth Circuit stated that "[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." Astiana, 783 F.3d at 762 (citations omitted). Second, Wonderful Citrus argues that its unjust enrichment claim should not be dismissed because unjust enrichment is a recognized claim for relief under federal common law.

In defense of its civil conspiracy counterclaim, Wonderful Citrus argues that its civil conspiracy counterclaim, to the extent it is based on unjust enrichment, should not be dismissed because unjust enrichment is a viable claim for relief when construed as a quasi-contract claim and, therefore, the civil conspiracy may be based on unjust enrichment.

*Discussion*

1. Unjust Enrichment, Restitution, and Quasi-Contract

    a.  *Legal Standard*

Unjust enrichment in California occurs when a person obtains a benefit that he or she may not justly retain because the benefit was received at another's expense. Unilab Corp. v. Angeles-IPA, 244 Cal. App. 4th 622, 639 (2016) ("Where a person obtains a benefit that he or she may not justly retain, the person is unjustly enriched."); Ghirardo v. Antonioli, 14 Cal. 4th 39, 51 (1996) ("Under the law of restitution, an individual may be required to make restitution if he is unjustly enriched at the expense of another. A person is enriched if he receives a benefit at another's expense.") (citations omitted). California does not recognize unjust enrichment as a claim for relief. Astiana v. Hain Celestial Grp., Inc., 783 F.3d 753, 762 (9th Cir. 2015) (citing Durell v.

Sharp Healthcare, 183 Cal. App. 4th 1350, 1370 (2010); Jogani v. Superior Court, 165 Cal. App. 4th 901, 911 (2008)).

Restitution in California is what an unjustly enriched person is required to make to the aggrieved party. Welborne v. Ryman-Carroll Found., 22 Cal. App. 5th 719, 725 (2018) ("An individual is required to make restitution if he or she is unjustly enriched at the expense of another.") (citations omitted). In other words, a claimant's right to restitution is based on the defendant's unjust enrichment. Unilab Corp. v. Angeles-IPA, 244 Cal. App. 4th 622, 639 (2016) ("The right to restitution or quasi-contractual recovery is based upon unjust enrichment."). In this sense, restitution is a remedy.

Quasi-contract in California is a claim for relief that seeks restitution based on the defendant's unjust enrichment. Astiana, 783 F.3d at 762. The purpose of a quasi-contract claim is to "restore the aggrieved party to his former position by return of the thing or its equivalent in money." McBride v. Boughton, 123 Cal. App. 4th 379, 388 n.6 (2004). At the heart of a quasi-contract claim is an implied legal obligation imposed by equity on the defendant to provide restitution to the aggrieved party to remedy the unjust enrichment. Unilab Corp. v. Angeles-IPA, 244 Cal. App. 4th 622, 639 (2016) ("Unlike an implied-in-fact contract, an implied-in-law contract or quasi-contract is not based on the intention of the parties, but arises from a legal obligation that is imposed on the defendant."); Hillco Inc. v. Stein, 82 Cal. App. 3d 322, 327 (1978) ("A contractual obligation is consensual in origin. A quasi-contractual obligation is not. It is one imposed by equity to prevent unjust enrichment."). The bases for a quasi-contract claim may be unjust enrichment that is caused by conversion, coercion, fraud, or mistake. Civic Partners Stockton, LLC v. Youssefi, 218 Cal. App. 4th 1005, 1013 (2013) ("Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct.") (citations omitted); Finnegan v. Spiegl Farms, Inc., 234 Cal. App. 2d 408, 412 (1965) ("But mutual mistake is a common ground for restitution, and the innocence of the payee does not relieve him of liability in quasi contract.") (citations omitted).

*b.     Analysis*

Jordan argues that Wonderful Citrus's counterclaim for unjust enrichment should be dismissed because "[u]nder California law, there is no freestanding action for unjust enrichment." Doc. 18-1, at 4:12.

In <u>Astiana</u>, the Ninth Circuit directly addressed whether there exists in California a claim for unjust enrichment. There, the plaintiffs pleaded a claim for restitution based on quasi-contract. The district court dismissed the plaintiffs' restitution claim, concluding that "while restitution is available as a remedy for plaintiffs' other causes of action, it is not a standalone cause of action in California." <u>Astiana</u>, 783 F.3d at 756. On appeal, the Ninth Circuit began by acknowledging that "in California, there is not a standalone claim for relief for 'unjust enrichment,' which is synonymous with 'restitution.'" <u>Id.</u> (citations omitted). But then the Ninth Circuit stated that "unjust enrichment and restitution are not irrelevant in California law. Rather, they describe the theory underlying a claim that a defendant has been unjustly conferred a benefit through mistake, fraud, coercion, or request." <u>Id.</u> The Ninth Circuit then held that "[w]hen a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution." <u>Id.</u> (citations omitted). The Ninth Circuit then analyzed whether the plaintiffs' complaint sufficiently pleaded a quasi-contract claim for restitution. The complaint alleged that the defendants had enticed the plaintiffs into purchasing one of the defendant's products through false and misleading labeling, which resulted in the defendant being unjustly enriched. The Ninth Circuit stated that "[t]his straightforward statement is sufficient to state a quasi-contract cause of action." <u>Id.</u> Accordingly, the Ninth Circuit reversed the district court's dismissal of the plaintiffs' restitution claim, which was to be construed as a quasi-contract claim.

Here, Wonderful Citrus pleaded an unjust enrichment counterclaim seeking restitution. Pursuant to <u>Astiana</u>, the Court construes the counterclaim as a quasi-contract claim seeking restitution, which is a recognized claim for relief in California.[1] So construed, Wonderful Citrus's

---

[1] The district courts in the Ninth Circuit, including this district, have repeatedly adhered to <u>Astiana</u>'s unambiguous holding. *See, e.g.*, <u>Shasta Linen Supply, Inc. v. Applied Underwriters, Inc.</u>, Case No. 2:16-cv-00158, 2017 WL 4652758, at *9 (E.D. Cal. Oct. 17, 2017) ("However, [the Ninth Circuit] has since clarified that a claim for unjust enrichment may still be maintained as an independent claim for quasi-contract.") (citing <u>Astiana</u>, 783 F.3d at 762); <u>Club One Casino, Inc. v. Sarantos</u>, Case No. 1:17-cv-00818, 2017 WL 4123935, at *1 (E.D. Cal. Sept. 18,

7

allegations sufficiently pleaded a quasi-contract claim by alleging that Jordan deceitfully took Wonderful Citrus's goods, services, and money without compensating Wonderful Citrus. Accordingly, the Court will not dismiss Wonderful Citrus's quasi-contract counterclaim.

In his reply, Jordan argues that regardless of Astiana, "[t]he remedy for unjust enrichment applies only in the absence of an adequate remedy at law." Doc. No. 23, at 2:13-14. Perhaps Jordan implies that Wonderful Citrus's adequate remedies are its counterclaims for conversion and fraud. However, Jordan's argument is unavailing for multiple reasons.

First, the "adequate remedies" argument raised in Jordan's reply was not raised in the motion. See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Further, the argument in the reply is scant in its analysis. The Court will not strain itself to divine what Jordan implied or meant in the reply's sparingly few words on the argument.

Second, the argument harkens to the rule that a quasi-contract claim is not available when an enforceable, binding agreement exists defining the rights of the parties. See Paracor Fin., Inc. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996) ("Under both California and New York law, unjust enrichment is an action in quasi-contract, which does not lie when an

---

2017) (citing Astiana, 783 F.3d at 762); McMillan v. Lowe's Home Centers, LLC, Case No. 1:15-cv-00695, 2016 WL 2346941, at *8 (E.D. Cal. May 4, 2016) (citing Astiana, 783 F.3d at 762); see also Jonathan Chuang v. Dr. Pepper Snapple Grp., Inc., Case No. 17-cv-01875, 2017 WL 4286577, at *7 (C.D. Cal. Sept. 20, 2017) ("In Astiana, the Ninth Circuit held that "[w]hen a plaintiff alleges unjust enrichment, a court *may* 'construe the cause of action as a quasi-contract claim seeking restitution.' Plaintiffs may plead unjust enrichment claims even when they are duplicative of other claims.") (emphasis in original) (citations omitted); Eclipse Grp. LLP v. Target Corp., Case No. 15-cv-1411, 2016 WL 8395077, at *9 (S.D. Cal. May 26, 2016) ("However, as the Ninth Circuit concluded when faced with the same argument in Astiana, 'when a plaintiff alleges unjust enrichment, a court may construe the cause of action as a quasi-contract claim seeking restitution.'") (citations omitted); Trazo v. Nestle USA, Inc., 113 F. Supp. 3d 1047, 1049 (N.D. Cal. 2015) ("The unambiguous holding in Astiana requires this court to side with Trazo and reinstate his claim for restitution based on unjust enrichment/quasi-contract.").

  In his reply, Jordan cites to three post-Astiana unpublished district court orders from this district for the proposition that there is not a recognized claim for quasi-contract. But those orders are neither controlling or binding, do not even mention Astiana, and are inconsistent with the other cases cited in this footnote that follow Astiana, which is binding authority.

  Jordan's failure to even cite Astiana in his motion is extremely troubling to the Court. It is arguably sanctionable conduct. See United States v. Stringfellow, 911 F.2d 225, 226 (9th Cir. 1990) ("However, if the omitted case law and statutory provisions would render the attorney's argument frivolous, he or she 'should not be able to proceed with impunity in real or feigned ignorance of them,' and sanctions should be upheld.") (citations omitted). The Court will not impose sanctions at this time, but the Court reminds Jordan and all counsel of the duty of candor to the Court, which includes citing controlling law in arguments. Further failure to uphold this duty will result in sanctions.

enforceable, binding agreement exists defining the rights of the parties."). But no enforceable, binding agreement has been alleged in Wonderful Citrus's counterclaim. Therefore, Wonderful Citrus's quasi-contract counterclaim is not estopped by a contract.

Third, the argument does not appear to harmonize with Astiana. There, like here, the quasi-contract claim was pleaded along with a separate claim for fraud. The district court dismissed the quasi-contract claim, noting that "while restitution is available as a remedy for plaintiffs' other causes of action, it is not a standalone cause of action in California *and is nonsensical as pled in any event*." Id. (emphasis added). On appeal, the Ninth Circuit rejected the district court's view that the quasi-contract claim should be dismissed because it was "nonsensical" or superfluous, stating that "[t]o the extent the district court concluded that the cause of action was nonsensical because it was *duplicative of or superfluous* to Astiana's other claims, this is not grounds for dismissal." Id. (emphasis added) (citing Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.")). This statement from the Ninth Circuit directly refutes Jordan's contention that the quasi-contract counterclaim should be dismissed because "*there is no distinction* between [Wonderful Citrus's] claim for unjust enrichment compared with the claim for conversion or fraud." Doc. No. 23, at 3:10-11 (emphasis added).

Fourth, Jordan's argument invokes the fallacy that modern quasi-contract claims cannot lie where other adequate remedies at law exist because quasi-contract claims are equitable. The Court will not indulge this fallacy. Wonderful Citrus's quasi-contract counterclaim, which seeks restitution in the form of money damages due to Jordan's personal liability, is an action at law that is guided by equitable principles. See Philpott v. Superior Court in & for Los Angeles Cty., 1 Cal. 2d 512, 515-23 (1934) (considering the criteria by which to distinguish between an action at law and equity and concluding that the action of assumpsit is an action at law governed by principles of equity); Collins v. Cisterra Partners, LLC, No. D066349, 2015 WL 3536150, at *19 (Cal. App. June 5, 2015) ("Where a plaintiff's money has been obtained by false representations, the plaintiff may bring an action in quasi-contract for restitution, which is a legal action.") (citations omitted); Am. Master Lease LLC v. Idanta Partners, Ltd., 225 Cal. App. 4th 1451, 1483–84 (2014) ("[T]he

fact that equitable principles are applied in the action does not necessarily identify the resultant relief as equitable. Equitable principles are a guide to courts of law as well as of equity. Where liability is definite and damages may be calculated without an accounting, the action is legal.") (citations omitted); Jogani v. Superior Court, 165 Cal. App. 4th 901, 905–06 (2008) (stating that the writ of assumpsit was historically applied to the enforcement of quasi-contracts) (citing 1 Corbin, Contracts § 1.18, pp. 50-51 (1993)); Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 728 (2000) (stating that a claim for restitution seeking money damages is an action at law). Courts outside California and leading scholars agree that a quasi-contract claim seeking restitution in the form of money damages is an action at law that is not barred by alternative actions at law. See, e.g., Austin v. Shalala, 994 F.2d 1170, 1176–77 (5th Cir. 1993) ("A suit in quasi-contract falls under the common law writ of general assumpsit. . . . Because general assumpsit was a legal action at common law, a suit in quasi-contract requires a jury trial.") (citations omitted); Partipilo v. Hallman, 510 N.E.2d 8, 10–11 (Ill. App. 1987) ("[The defendant] claims that the plaintiff's theory of unjust enrichment is equitable in nature and as an equitable claim it is unavailable where there exists a full and adequate remedy at law. . . . [The defendant] is in error in this contention. The theory on which the plaintiff in this suit seeks money damages, unjust enrichment, sometimes referred to as restitution, a contract implied in law, quasi-contract, or an action in assumpsit, is the product of a long tradition in law, and is an action at law. . . . [T]he statement concerning the action of quasi-contract being equitable has been repeated many times, but merely refers to the way in which a claim should be approached since it is clear that the action is at law and the relief given is a simple money judgment. Consequently, [the defendant's] equitable defense based upon an adequate remedy at law is unavailable since this is an action at law for a monetary recovery.") (citing Restatement (First) of Restitution, Introductory Note (1937); 1 Palmer, Restitution § 1.2 (1978); 1 Corbin, Contracts §§ 19-20 (1952); Dobbs, Remedies § 4.2, at 232 (1976)); City of Scottsbluff v. Waste Connections of Nebraska, Inc., 809 N.W.2d 725, 738 (Neb. 2011) ("So we hold that any quasi-contract claim for restitution is an action at law."); Lytle v. Payette-Oregon Slope Irr. Dist., 152 P.2d 934, 941 (Or. 1944); Restatement (Third) of Restitution and Unjust

Enrichment § 4, cmts. c, e; George E. Palmer, Law of Restitution §1.6 (1st ed. 2018-3 Cum. Supp. 1978).

In sum, Wonderful Citrus has pleaded a plausible claim for quasi-contract. The Court will deny Jordan's motion to dismiss Wonderful Citrus's California quasi-contract counterclaim.[2]

### 2. Conspiracy Based on Quasi-Contract

Jordan argues that Wonderful Citrus's civil conspiracy counterclaim should be dismissed to the extent the civil conspiracy is based on unjust enrichment (as opposed to being based on conversion or fraud) because unjust enrichment is not a claim for relief in California. As previously discussed, Wonderful Citrus's unjust enrichment counterclaim is construed as a quasi-contract claim, which is a viable claim in California. Therefore, Jordan's argument is unavailing.

However, the Court is mindful of another problem with Wonderful Citrus's civil conspiracy counterclaim that was not raised by Jordan. Namely, the civil conspiracy counterclaim is redundant of Wonderful Citrus's other counterclaims because there is only one defendant named to the civil conspiracy counterclaim, and that is Jordan. This is problematic because "[c]onspiracy is not a cause of action," AREI II Cases, 216 Cal. App. 4th 1004, 1021 (2013), but is a doctrine that "renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor and regardless of the degree of his activity." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994). In other words, civil conspiracy "imposes liability on persons who, *although not actually committing a tort themselves*, share with the immediate tortfeasors a common plan or design in its perpetration." Id. at 510–11 (emphasis added). "In this way, a coconspirator incurs tort liability

---

[2] Wonderful Citrus argues that its quasi-contract counterclaim should not be dismissed because, in addition to being a recognized California claim, it is a recognized claim under federal common law. But after reviewing Wonderful Citrus's counterclaim and opposition to Jordan's motion to dismiss, Doc. Nos. 15, 22, the Court finds that Wonderful Citrus pleaded its quasi-contract counterclaim as a California claim, not a federal common law claim. First, Wonderful Citrus's counterclaim does not designate the quasi-contract claim as being a federal common law claim. See Doc. No. 15, at 24. Second, Wonderful Citrus's counterclaim does not assert that the Court has jurisdiction over the quasi-contract claim pursuant to federal question jurisdiction. Rather, the counterclaim asserts that the Court has supplemental jurisdiction over the quasi-contract counterclaim. Id. at 21:4-7. Third, Wonderful Citrus's opposition frames its quasi-contract counterclaim as first-and-foremost a California claim; and only as a back-up argument does Wonderful Citrus assert that its quasi-contract counterclaim is also a federal common law claim. See Doc. No. 22, at 7:19-8:13. Therefore, because the Court finds that Wonderful Citrus's quasi-contract counterclaim is a California claim as currently pleaded, the Court will not address whether a quasi-contract claim is recognized under federal common law.

11

co-equal with the immediate tortfeasors." Id. at 511.  Here, there are no co-conspirators named as defendants to Wonderful Citrus's counterclaims for conversion, fraud, and quasi-contract.  Rather, Jordan is the only counter-defendant alleged to have committed the underlying wrongful acts.  Id. at 510–11.  If a jury determines that Jordan committed the wrongful acts, then Jordan will be liable for the commission of the wrongful acts and the conspiracy allegation will not add any liability.  If a jury determines that Jordan did not commit the wrongful acts, then Jordan will not be liable and, as pleaded, the conspiracy allegation will fail.  Therefore, Wonderful Citrus's civil conspiracy counterclaim appears to fulfil no meaningful purpose, making it redundant of the other counterclaims.  See Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1582 (1995) ("If the plaintiff can show that each of several defendants committed a wrongful act or some part of it, e.g., that each made false representations, he has no need of averments of conspiracy.").  On this basis, the Court will order Wonderful Citrus to show cause why the civil conspiracy counterclaim should not be dismissed.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Jordan's motion to dismiss is DENIED;
2. Wonderful Citrus shall file by September 21, 2018, at 3:00 p.m. a brief that explains why Wonderful Citrus's civil conspiracy counterclaim should not be dismissed in light of the Court's concerns discussed above;
3. Jordan may file by October 5, 2018, at 3:00 p.m. a response to the afore-mentioned brief from Wonderful Citrus.

IT IS SO ORDERED.

Dated:   September 10, 2018               _____
                                          SENIOR DISTRICT JUDGE