**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES K. JORDAN,**<br><br>        **Plaintiff,**<br><br>        v.<br><br>**WONDERFUL CITRUS PACKING LLC,**<br>**a California limited liability company,**<br><br>        **Defendant.** | **CASE NO. 1:18-CV-00401-AWI-SAB**<br><br>**ORDER RE: DEFENDANT'S**<br>**CONSPIRACY COUNTERCLAIM**<br><br>(Doc. Nos. 18, 26, 27) |

This is a case about an ex-employee, Plaintiff/Counter-defendant James Jordan, and his ex-employer, Defendant/Counter-plaintiff Wonderful Citrus Packing LLC ("Wonderful"), both of whom claim they were treated unlawfully by the other. Wonderful pleaded the following four counterclaims against Jordan and unidentified "Doe" counter-defendants: (1) unjust enrichment, (2) conversion, (3) fraud, and (4) civil conspiracy (based on the conversion, fraud, and unjust enrichment). Doc. No. 15. Of the Doe counter-defendants, Wonderful stated that their "true name and capacities" are unknown and Wonderful "will amend [its] Counterclaim to show their true names and capacities when they have been ascertained." Id.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Jordan moved to dismiss multiple counterclaims of Wonderful, including Wonderful's conspiracy counterclaim. See Doc. Nos. 18, 18-1. The Court denied the motion. See Doc. No. 26. However, because Wonderful's conspiracy counterclaim had not identified and named any of Jordan's co-conspirators but merely alleged

1  unknown Doe counter-defendants, the Court ordered Wonderful to show cause why the conspiracy
2  counterclaim should not be dismissed as being redundant of the underlying tort claims.  See id. at
3  12.  Wonderful then filed a two-page responsive brief to the Court's order to show cause,
4  requesting that the Court hold in abeyance its decision on whether to dismiss the conspiracy
5  counterclaim until Wonderful had more time to conduct discovery to identify and name the
6  unknown co-conspirators.  See Doc. No. 27.

    The "essence of [a conspiracy] claim is that it is merely a mechanism for imposing vicarious liability; it is not itself a substantive basis for liability." Stueve Bros. Farms, LLC v. Berger Kahn, 222 Cal. App. 4th 303 (2013) (emphasis added).  A successful conspiracy claim renders each participant in the wrongful act — such as fraud or conversion — responsible as a joint tortfeasor for all damages ensuing from the wrongful act, regardless of whether the participant was a "direct actor and regardless of the degree of his activity." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994).  Therefore, a conspiracy claim cannot be proven unless the factfinder knows, to some extent, the identity of at least one co-conspirator.  For example, without knowing some identifying information about a co-conspirator, the factfinder would be incapable of finding that there was a formation or operation of a conspiracy, which by definition consists of "an agreement by two or more persons to commit an unlawful act." CONSPIRACY, Black's Law Dictionary (10th ed. 2014) (emphasis added).

    As it currently stands, Wonderful's conspiracy counterclaim fails to identify and name at least one co-conspirator, although it does allege the unknown Doe defendants.  Wonderful explains that when it filed its counterclaim, Wonderful "did not believe it had sufficient evidence at the time . . . to identify those individuals as counter-defendants." Doc. No. 27 at 2.  The Ninth Circuit has stated that in certain limited situations a plaintiff should be permitted to plead unidentified Doe defendants and then be given the "opportunity through discovery to identify the unknown defendants." Id. at 642.  Gillespie v. Civiletti, 629 F.2d 637 (9th Cir. 1980); see also Soo Park v. Thompson, 851 F.3d 910, 928 n.21 (9th Cir. 2017) (stating that the plaintiff of the civil conspiracy claim was entitled to discovery on the identity of the alleged Doe defendants).

1    Because discovery has not yet closed, the Court will not dismiss Wonderful's conspiracy counterclaim at this time. But if Wonderful fails to identify and name at least one Doe counter-defendant by the close of discovery,[1] then all Doe counter-defendants will be read out of the counterclaim by the Court, see Schwartz v. Destination Maternity Corp., No. CV 14-1477, 2014 WL 12768470, at *4 (C.D. Cal. Aug. 5, 2014) (striking Doe defendants from the complaint when they "serve no real purpose"), and the conspiracy counterclaim will be redundant and incapable of imposing vicarious liability on Jordan. This is because a tortfeasor cannot be held vicariously liable for his or her own tortious conduct.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Wonderful Citrus's conspiracy counterclaim will not be dismissed at this time.

IT IS SO ORDERED.

Dated:   December 14, 2018            _____
                                      SENIOR DISTRICT JUDGE

---

[1] The Court is aware that the current deadline for Wonderful to seek leave to amend its counterclaim — which Wonderful has not done — was November 30, 2018, which has passed. In this order, the Court is not indicating whether it will in the future modify the deadline to amend the parties' pleadings. That issue is not before the Court.