# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES K. JORDAN, | Case No. 1:18-cv-00401-AWI-SAB |
| Plaintiff, | ORDER REQUIRING PARTIES TO MEET AND CONFER REGARDING DISCOVERY DISPUTE |
| v. | |
| WONDERFUL CITRUS PACKING LLC, | DEADLINE: JANUARY 8, 2018, BY NOON |
| Defendant. | |

On March 23, 2018, James K. Jordan ("Plaintiff") filed this action against Wonderful Citrus Packing LLC ("Defendant") alleging violation of the Age Discrimination in Employment Act ("ADEA"), Title 29, United States Code, §§ 621-634. (ECF No. 1.) Defendants filed a motion to dismiss that was granted on May 15, 2018; and Plaintiff's state law infliction of emotional distress claims were dismissed. (ECF Nos. 6, 11.) On May 29, 2018, Defendant filed an answer and a counterclaim alleging state law causes of action. (ECF No. 15.) On September 10, 2018, Plaintiff's motion to dismiss the counterclaims was denied. (ECF Nos. 18, 26, 30.)

On December 11, 2018, Plaintiff filed a motion to allow him to take additional depositions. (ECF No. 29.) The parties filed a joint statement regarding the discovery disagreement on January 2, 2019. (ECF No. 31.)

Pursuant to the Local Rules of the Eastern District of California, the parties are required to meet and confer prior to bringing a motion to exceed the discovery limitations. L.R. 251(b). Here, the Court finds that the parties have not sufficiently met the requirements of the Local

1

1   Rule.

2        Initially, the Court notes that generally, courts require a party to exhaust their allowed

3   number of depositions before moving to conduct additional depositions. Thykkuttathil,

4   Thykkuttathil v. Keese, 294 F.R.D. 597, 600 (W.D. Wash. 2013); Kaseberg v. Conaco, LLC, No.

5   15CV01637JLSDHB, 2016 WL 8729927, at *3 (S.D. Cal. Aug. 19, 2016); Nat. Res. Def.

6   Council, Inc. v. Winter, No. CV057513FMCFMOX, 2008 WL 11338647, at *2 (C.D. Cal. July

7   11, 2008); Aerojet Rocketydyne, Inc. v. Glob. Aerospace, Inc., No. 2:17-CV-01515-KJM-AC,

8   2018 WL 5993585, at *1 (E.D. Cal. Nov. 6, 2018). Courts will depart from the exhaustion rule

9   where there are multiple plaintiffs and defendants or the complexity of the case clearly warrants

10  more than ten depositions. Aerojet Rocketydyne, Inc., 2018 WL 5993585, at *1; Couch v. Wan,

11  No. 1:08CV1621 LJO DLB, 2011 WL 4499976, at *1 (E.D. Cal. Sept. 27, 2011); Century

12  Aluminum Co. v. AGCS Marine Ins. Co., No. 11-CV-02514 YGR NC, 2012 WL 2357446, at *2

13  (N.D. Cal. June 14, 2012). Courts also find that "allowing additional depositions without

14  analyzing the need for the first 10 depositions would reward a party for taking superfluous

15  depositions early in the course of discovery." Galajian v. Beard, No. C15-0955JLR, 2016 WL

16  5373116, at *2 n.3 (W.D. Wash. Sept. 26, 2016). The moving party is also required to exhaust

17  less expensive and burdensome means of conducting discovery before resorting to a request for

18  relief. Nat. Res. Def. Council, Inc., 2008 WL 11338647, at *2.

19       Here, Plaintiff is seeking twenty-five depositions and Defendant has requested that

20  Plaintiff identify the first ten deponents in order to determine whether the additional depositions

21  would be unreasonably cumulative or duplicative. Plaintiff has refused to identify the first ten

22  depositions; and therefore, the parties are a stymy on this issue.

23       The Court shall require Plaintiff to identify the first ten deponents and for the parties to

24  meet and confer regarding the additional fifteen depositions. The Court is not inclined to follow

25  the exhaustion rule requiring Plaintiff to take the first ten depositions and then require a second

26  motion to request additional depositions to be filed given that the discovery deadline in this

27  action is quickly approaching. (See ECF No. 21.) However, the Court also notes that this action

28  is not similar to other actions that have been found to be complex. Aerojet Rocketydyne, Inc.,

2018 WL 5993585 (insurance liability action alleging breach of settlement agreement with multiple defendants); <u>City of Lincoln v. United States</u>, No. 2:16-CV-01164-KJM-AC, 2018 WL 3917711, *7 (E.D. Cal. Aug. 16, 2018) (plaintiff had sued three federal defendants for liability under the Comprehensive Environmental Response, Compensation, and Liability Act, "which has been aptly called an inherently 'complex statute with a maze-like structure and baffling language.' "); <u>Couch v. Wan</u>, 1:08-cv-1621-LJO DLB, 2011 WL 4499976, *2 (E.D. Cal. Sept. 27, 2011) (action involving multiple plaintiffs and multiple defendants and allegations of multiple retaliatory acts, threats, harassment and intimation, and a RICO claim that spanned multiple events and multiple individuals); <u>Del Campo v. Am. Corrective Counseling Servs., Inc.</u>, No. C-01-21151-JW-PVT, 2007 WL 3306496. *5 (N.D. Cal. Nov. 6, 2007) (class action where five plaintiffs alleged a violation the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") against eleven defendants).  The action involves a single plaintiff and a single defendant and the issues themselves are not complex.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff shall provide Defendant with the identity of the ten deponents that will be deposed under the presumptive ten deponent limit of Rule 30 of the Federal Rules of Civil Procedure by close of business on **January 4, 2019**;

2.    The parties shall further meet and confer on the number of additional depositions that would be needed in this action; and

3.    The parties shall file a supplemental joint statement by **noon on January 8, 2019,** informing the Court of the meet and confer efforts.

IT IS SO ORDERED.

Dated:   **January 3, 2019**

_____
UNITED STATES MAGISTRATE JUDGE