**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **JAMES K. JORDAN,** | **CASE NO. 1:18-CV-00401-AWI-SAB** |
| **Plaintiff,** | |
| **v.** | **ORDER DENYING REQUESTS TO SEAL** |
| **WONDERFUL CITRUS PACKING LLC, a California limited liability company,** | (Doc. Nos. 52, 55, 58, 63, 65, 67) |
| **Defendant.** | |

Currently pending before the Court are multiple requests to seal exhibits to motions in

limine. For the reasons discussed below, the Court will deny the requests to seal.

# I. Background

**A. The stipulated protective order.**

In this lawsuit the parties stipulated to a protective order that governs the confidentiality of

certain information and documents. See Doc. No. 16 (the parties' stipulated proposed order). The

parties presented their stipulation to the Court, and the Court entered a protective order that largely

adopted the parties' stipulation. See Doc. No. 19 (the stipulated protective order).

The stipulated protective order states that information designated by the parties as

"Confidential" means the parties view the information as qualifying for protection under Rule

26(c) of the Federal Rules of Civil Procedure. The stipulated protective order also clearly states

that if the parties want to file "Confidential" information and documents under seal, then the

parties "shall be required to show good cause for documents attached to a nondispositive motion

or compelling reasons for documents attached to a dispositive motion." Doc. No. 19 at 16 (citing

Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009)). The stipulated protective

also clearly states that the Court's adjudication of sealing requests will be governed by Local Rule

141, see Doc. No. 19 at 2, which states that "[d]ocuments may be sealed only by written order of

the Court, upon the showing required by applicable law." L.R. 141(a).

**B.       The parties' requests to seal exhibits to motions in limine.**

This lawsuit is quickly approaching trial, and in preparation for trial, the parties filed multiple motions in limine.  In conjunction with filing their motions in limine, the parties requested that the Court seal several exhibits that the parties want to use to support their motion in limine briefing.  The parties' requests to seal are as follows:

- **Doc. No. 52**, which is Jordan's request to seal the following exhibits to **Heather Cohen's declaration** (which is Doc. No. 51-1):
  - Exhibit B, which is excerpts of Tom Goldman's deposition transcript;
  - Exhibit K, which is a Delano Police Department report.
- **Doc. No. 55**, which is Jordan's request to seal the following exhibits to **Michael Marderosian's declaration** (which is Doc. No. 54 at pp. 45-47):
  - Exhibit B, which is the "Citrus Ranches Expenses Analysis";
  - Exhibit C, which is "Exhibit 27" to Marie-Pierre Desaulniers' deposition;
  - Exhibit E, which is the "Memorandum dated June 1, 2000";
  - Exhibit F, which is the "Memorandum dated April 18, 2002";
  - Exhibit G, which is excerpts of David Krause's deposition transcript;
  - Exhibit H, which is an "Investigation Report";
  - Exhibit K, which is a "Comprehensive Report";
  - Exhibit P, which is the "Wonderful Citrus Handbook";
  - Exhibit Q, which is Wonderful Packing LLC's "Third Amended Initial Disclosure."
- **Doc. No. 58**, which is Wonderful Citrus's request to seal the following exhibits to **Michael Vasseghi's declaration** (which is Doc. No. 57-1):
  - Exhibit 1, which runs from standard page numbers 4-32 and Bates-stamped page-numbers WC 01517-WC 01545;
  - Exhibit 3, which runs from standard page numbers 35-35 and Bates-stamped page numbers WC 00733-WC 00734;
  - Exhibit 4, which runs from standard page numbers 37-38 and Bates-

2

stamped page numbers WC 00735-WC 00736.

- **Doc. No. 63**, which is Wonderful Citrus's request to seal the following exhibits to **<u>Michael Vasseghi's declaration</u>** (which is Doc. No. 61-1):
  - <u>Exhibit 2</u>, which runs from standard page numbers 4-10 and Bates-stamped page-numbers WC 154539-WC 154545;
  - <u>Exhibit 3</u>, which runs from standard page numbers 12-14 and Bates-stamped page-numbers WC 00228-WC 00230;
  - <u>Exhibit 4</u>, which runs from standard page numbers 16-17 and Bates-stamped page numbers WC 00222-WC 00221;
  - <u>Exhibit 5</u>, which runs from standard page numbers 19-30 and Bates-stamped page number WC 00209-WC 00220;
  - <u>Exhibit 6</u>, which runs from standard page numbers 32-33 and Bates-stamped page numbers WC 00104-WC 00105;
  - <u>Exhibit 7</u>, which is standard page number 35 and Bates-stamped page number WC 00206;
  - <u>Exhibit 8</u>, which runs from standard page numbers 37-49.
- **Doc. No. 65**, which is Jordan's request to seal the following exhibits to **<u>Michael Marderosian's declaration</u>** (which is Doc. No. 64 at pp. 43-44):
  - <u>Exhibit 1</u>, which runs from Bates-stamped page numbers WC 00733-WC 00734;
  - <u>Exhibit 2</u>, which runs from Bates-stamped page numbers WC 00735-WC 00736.
- **Doc. No. 67**, which is Jordan's request to seal the following exhibits to **<u>Michael Marderosian's declaration</u>** (which is Doc. No. 66 at pp. 17-18):
  - <u>Exhibit 1</u>, which runs from Bates-stamped page numbers WC 00733-WC 00734;
  - <u>Exhibit 2</u>, which runs from Bates-stamped page numbers WC 00735-WC 00736.

1    For all of the aforementioned exhibits, the parties' <u>only</u> stated justification for sealing the

2    exhibits is that the exhibits have been designated by one of more of the parties as "Confidential"

3    under the stipulated protective order.

## II.  Legal Standard

5    All documents filed with the court are presumptively public. <u>San Jose Mercury News, Inc.</u>

6    <u>v. U.S. Dist. Court</u>, 187 F.3d 1096, 1103 (9th Cir. 1999).  This is because "the courts of this

7    country recognize a general right to inspect and copy public records and documents, including

8    judicial records and documents." <u>Ctr. for Auto Safety v. Chrysler Grp., LLC</u>, 809 F.3d 1092,

9    1096 (9th Cir. 2016) (citations omitted).  Accordingly, a party seeking to seal a judicial record

10   bears the burden of overcoming the strong public access presumption.  <u>Id.</u>

11   Two standards generally govern requests to seal documents: the "compelling reasons"

12   standard for documents directly related to the underlying causes of action, such as documents

13   attached to summary judgment motions, and the lesser "good cause" standard for documents only

14   tangentially related to the underlying causes of action, such as some discovery documents:

> [J]udicial records attached to dispositive motions [are treated]
> differently from records attached to non-dispositive motions.  Those
> who seek to maintain the secrecy of documents attached to
> dispositive motions must meet the high threshold of showing that
> "compelling reasons" support secrecy.  A "good cause" showing
> under Rule 26(c) will suffice to keep sealed records attached to non-
> dispositive motions.

19   <u>Kamakana v. City & Cty. of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted);

20   <u>see also</u> <u>Ctr. for Auto Safety</u>, 809 F.3d at 1098; <u>Pintos</u>, 605 F.3d at 677.

21   The good cause standard "comes from Rule 26(c)(1), which governs the issuance of

22   protective orders in the discovery process." <u>Ctr. for Auto Safety</u>, LLC, 809 F.3d at 1097.  Rule

23   26(c) states that the court "may, for good cause, issue an order to protect a party or person from

24   annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); <u>see</u>

25   <u>also</u> <u>Pintos</u>, 605 F.3d at 678 (stating that the good cause standard under Rule 26(c) asks "whether

26   'good cause' exists to protect the information from being disclosed to the public by balancing the

27   needs for discovery against the need for confidentiality.").

28

1   As the Ninth Circuit has stated, a blanket protective order does <u>not</u> by itself demonstrate

2   "good cause" for sealing specific information and documents.  <u>See</u> <u>Kamakana</u>, 447 F.3d at 1183

3   ("Although the magistrate judge expressly approved and entered the protective order, the order

4   contained no good cause findings as to specific documents that would justify reliance by the

5   United States . . . ."); <u>Foltz v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1133 (9th Cir. 2003)

6   ("[A] party seeking the protection of the court via a blanket protective order typically does not

7   make the 'good cause' showing required by Rule 26(c) with respect to any particular document.");

8   <u>San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.</u>, 187 F.3d 1096, 1103 (9th Cir. 1999);

9   <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992) ("Further, because the

10  protective order was a stipulated blanket order, International never had to make a 'good cause'

11  showing under Fed. R. Civ. P. 26(c) of the need for protection of the deposition transcripts in the

12  first place.  Nor does it allege specific prejudice or harm now.  Broad allegations of harm,

13  unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.")

14  (citations omitted); <u>see also</u> <u>Jepson, Inc. v. Makita Elec. Works, Ltd.</u>, 30 F.3d 854, 858 (7th Cir.

15  1994) ("Even if the parties agree that a protective order should be entered, they still have the

16  burden of showing that good cause exists for issuance of that order.  It is equally apparent that the

17  obverse also is true, <u>i.e.</u>, if good cause is not shown, the discovery materials in question should not

18  receive judicial protection.") (citations omitted).

19      The stipulated protective order in this lawsuit, Doc. No. 19, expressly acknowledges that

20  the protective order does not by itself demonstrate "good cause" for sealing all information

21  designated by the parties as "Confidential."  States the stipulated protective order,

22          The parties are advised that pursuant to the Local Rules of the
            United States District Court, Eastern District of California, any
23          documents which are to be filed under seal will require a written
            request which complies with Local Rule 141; and
24

25          The party making a request to file documents under seal <u>shall be
            required to show good cause</u> for documents attached to a
            nondispositive motion or compelling reasons for documents
26          attached to a dispositive motion.

27  Doc. No. 19 at 16 (citing <u>Pintos</u>, 605 F.3d at 677-78) (emphasis added).

28

5

# III. Discussion

The parties only stated justification for sealing the aforementioned exhibits is that the exhibits have been designated by one or more of the parties as "Confidential" under the stipulated protective order. Therefore, despite the clear legal standard stated above — a legal standard expressly incorporated into the stipulated protective order — the parties utterly failed to even attempt to show good cause for sealing the aforementioned exhibits. Therefore, the parties' pending requests to seal will be denied.

Additionally, the Court notes that the parties' requests for sealing, particularly Jordan's requests, failed to comply with Local Rule 141 in multiple respects. See, e.g., L.R. 141(b) (requiring the filing of a "notice of request to seal," not a motion); id. (requiring the request to "set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information"); id. (requiring the "documents for which sealing is requested [to] be paginated consecutively so that they may be identified without reference to their content, and the total number of submitted pages shall be stated in the request"). The Court hereby warns the parties that any future requests to seal that fail to comply with Local Rule 141 will be denied.

# **ORDER**

1.  The following requests to seal are DENIED: Doc. Nos. 52, 55, 58, 63, 65, and 67.

2.  Any renewed requests to seal an exhibit to an already-filed in limine brief must be FILED no later than 5:00 p.m. on August 27, 2019. Further, if a party decides to not pursue the sealing of an aforementioned exhibit, then the exhibit must be publicly filed by 5:00 p.m. on August 28, 2019, to be considered with the already-filed in limine briefs.

IT IS SO ORDERED.

Dated:   August 26, 2019                         _____

                                                 SENIOR  DISTRICT  JUDGE