| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **EASTERN DISTRICT OF CALIFORNIA** | |

| | |
|---|---|
| **JAMES K. JORDAN,** | CASE NO. 1:18-CV-00401-AWI-SAB |
| **Plaintiff,** | |
| v. | **ORDER GRANTING REQUESTS TO SEAL** |
| **WONDERFUL CITRUS PACKING LLC, a California limited liability company,** | (Doc. Nos. 82, 83) |
| **Defendant.** | |

In preparation for trial, the parties filed multiple motions in limine. In conjunction with filing their motions in limine, the parties requested that the Court seal several exhibits that the parties want to use to support their motion in limine briefing. See Doc. Nos. 52, 55, 58, 63, 65, 67. These requests were the parties' "first" batch of requests to seal. In the first batch of requests, the parties failed to even attempt to show good cause for sealing exhibits to their motions in limine. Consequently, the Court denied the requests and advised the parties of the good cause sealing standard laid forth by the Ninth Circuit, Rule 26(c)(1) of the Federal Rules of Civil Procedure, Local Rule 141, and the Court's stipulated protective order in this lawsuit. See Doc. No. 72 (Court's order denying first batch of requests to seal); Doc. No. 19 (Court's stipulated protective order).

After the Court denied the first batch of requests to seal, the parties filed their "second" batch of requests to seal, which are currently pending before the Court. See Doc. Nos. 82, 83. The Court concludes that good cause has been shown for granting the second batch of requests to seal. See Fed. R. Civ. P. 26(c); Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010).

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that the parties' second batch of requests to seal, Doc. Nos. 82 and 83, is GRANTED. The parties shall lodge the following documents with the

Clerk of Court in strict accordance with Local Rule 141, and the documents shall be filed under seal:

- <u>Exhibit K to Heather Cohen's declaration</u> (Cohen's declaration at Doc. No. 48), which is the "Delano Police Report" totaling two pages;
- <u>Exhibit B to Michael Marderosian's declaration</u> (Marderosian's declaration at Doc. No. 54 at pp. 45-47), which is the "Citrus Ranches Expense Analysis" and runs from standard page numbers 1-8;
- <u>Exhibit C to Michael Marderosian's declaration</u> (Marderosian's declaration at Doc. No. 54 at pp. 45-47), which is "Exhibit 27" to Marie-Pierre Desaulniers' deposition;
- <u>Exhibit K to Michael Marderosian's declaration</u> (Marderosian's declaration at Doc. No. 54 at pp. 45-47), which is the "Comprehensive Report";
- <u>Exhibit Q to Michael Marderosian's declaration</u> (Marderosian's declaration at Doc. No. 54 at pp. 45-47), which is Wonderful Packing LLC's "Third Amended Initial Disclosure";
- <u>Exhibit 2 to Michael Vasseghi's declaration</u> (Vasseghi's declaration at Doc. No. 61-1), which runs from standard page numbers 4-10 and Bates-stamped page-numbers WC 154539-WC 154545;
- <u>Exhibit 3 to Michael Vasseghi's declaration</u> (Vasseghi's declaration at Doc. No. 61-1), which runs from standard page numbers 12-14 and Bates-stamped page-numbers WC 00228-WC 00230;
- <u>Exhibit 8 to Michael Vasseghi's declaration</u> (Vasseghi's declaration at Doc. No. 61-1), which runs from standard page numbers 37-49.

IT IS SO ORDERED.

Dated: __August 28, 2019__   _____
SENIOR DISTRICT JUDGE