# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JAMES K. JORDAN,

          Plaintiff,

          v.

WONDERFUL CITRUS PACKING LLC,
a California limited liability company,

          Defendant.

CASE NO. 1:18-CV-00401-AWI-SAB

ORDER ON DEFENDANT'S MOTION
RE: COMMON-INTEREST PRIVILEGE

(Doc. No. 57)

     Defendant Wonderful Citrus Packing LLC ("Wonderful Citrus") has moved the Court to rule that certain allegedly defamatory statements qualify for California's common-interest privilege, which is codified at California Civil Code § 47(c). For the reasons discussed below, the Court will deny Wonderful Citrus' motion.

# I. Background

## A.    Jordan's defamation claim.

     Plaintiff James Jordan ("Jordan") is a former employee of Wonderful Citrus. Jordan alleges that Wonderful Citrus defamed him by falsely telling hundreds of people that he stole from Wonderful Citrus while he was employed. Based on this allegation, Jordan sued Wonderful Citrus for defamation under California law.

## B.    The Court's scheduling order and pretrial order.

     After Jordan filed his complaint, the Court issued its scheduling order on June 21, 2018. See Doc. No. 21. The scheduling order required the parties to file summary judgment motions no later than May 8, 2019. The scheduling order instructed the parties to comply with Fed. R. Civ. P. 56 and Local Rules 230 and 260 when filing summary judgment motions. The scheduling order instructed the parties to meet and confer before filing summary judgment motions in order to "discuss whether the issues can be resolved without the necessity of briefing" and to "arrive at a

1  Joint Statement of Undisputed Facts." Id.  The scheduling order required the summary judgment

2  movant to file a joint statement of undisputed facts.  Id.

3      The deadline for summary judgment motions came and passed.  Wonderful Citrus did not

4  file a summary judgment motion by that deadline.

5      On July 19, 2019, the Court issued its pretrial order.  The pretrial order required the parties

6  to file motions in limine no later than August 9, 2019, and file oppositions to motions in limine no

7  later than August 19, 2019, just ten days later.  The pretrial order scheduled the trial for September

8  17, 2019.

9  **C.**    **Wonderful Citrus' common-interest privilege motion.**

10      On the deadline to file motions in limine, Wonderful Citrus filed fifteen separate motions

11  in limine.  But in addition, Wonderful Citrus also filed a motion asking the Court to rule as a

12  matter of law that Wonderful Citrus' allegedly defamatory statements qualified for California's

13  common-interest privilege.  Ten days later, on August 19, 2019, Jordan filed responses to

14  Wonderful Citrus' common-interest privilege motion and fifteen motions in limine.

## II.  Discussion

15

16      California's common-interest privilege is "a conditional privilege against defamation to

17  statements made without malice on subjects of mutual interests."  Hui v. Sturbaum, 222 Cal. App.

18  4th 1109, 1118-1119 (2014) (citations omitted).  Accordingly, determining whether the privilege

19  applies to the defendant's statements involves a two-step analysis: the defendant must show that

20  "the allegedly defamatory statement was made on a privileged occasion, whereupon the burden

21  shifts to the plaintiff to show the defendant made the statement with malice."  Kashian v.

22  Harriman, 98 Cal. App. 4th 892, 896 (2002).

23      As for the first-step — the "subject of mutual interest" inquiry — "[c]ommunications made

24  in a commercial setting relating to the conduct of an employee" have been held to be subjects of

25  mutual interest that qualify for the common-interest privilege.  Cornell v. Berkeley Tennis Club,

26  18 Cal. App. 5th 908, 949 (2017).  So too have "statements by management and coworkers to

27  other coworkers explaining why an employer disciplined an employee."  McGrory v. Applied

28  Signal Tech., Inc., 212 Cal. App. 4th 1510, 1538 (2013).  This is because "an employer is

privileged in pursuing its own economic interests and that of its employees to ascertain whether an employee has breached his responsibilities of employment and if so, to communicate, in good faith, that fact to others within its employ so that (1) appropriate action may be taken against the employee; (2) the danger of such breaches occurring in the future may be minimized; and (3) present employees may not develop misconceptions that affect their employment with respect to certain conduct that was undertaken in the past." McGrory, 212 Cal. App. 4th at 1538.  But even if the statements initially qualify as subjects of mutual interest, the privilege "may be lost if the defendant abuses the privilege by excessive publication or the inclusion of immaterial matter which have no bearing upon the interest sought to be protected." SDV/ACCI, Inc. v. AT & T Corp., 522 F.3d 955, 962 (9th Cir. 2008) (citing Deaile v. Gen. Tel. Co., 40 Cal. App. 3d 841, 847 (1974)).

Whether a statement is the subject of a mutual interest that qualifies for the common-interest privilege is a question of law for the court.  SDV/ACCI, Inc., 522 F.3d at 961; Kashian, 98 Cal. App. 4th at 896.  This means that when the facts that determine the existence of the privilege are undisputed, then summary judgment on that issue is appropriate.  But when the facts are disputed, then the "jury may be required to determine disputed facts relating to the existence of the privilege," and then the court will "decide whether the facts found by the jury made the publication privileged" or, alternatively, will "instruct the jury as to what facts they must find in order to hold the publication privileged."  Inst. of Athletic Motivation v. Univ. of Illinois, 114 Cal. App. 3d 1, 13 n.5 (1980).

Wonderful Citrus argues that the facts are undisputed and prove that Wonderful Citrus' allegedly defamatory statements were made on a privileged occasion — namely, the statements were made between an employer and its employees concerning the conduct and discipline of an employee.  On this basis, Wonderful Citrus asks the Court to, first, rule as a matter of law that Wonderful Citrus' statements qualify for the common-interest privilege and then, second, to allow the jury to take the second step of the inquiry by determining whether Wonderful Citrus made the statements with malice.

The Court agrees with Wonderful Citrus that the question of whether the statements qualify for the common-interest privilege is a question of law that the Court should decide. Naturally, therefore, the Court also agrees with Wonderful Citrus that the question can be decided by way of summary judgment when the relevant facts are undisputed. But this only highlights the problem with Wonderful Citrus' motion: the motion is disguised as a "trial management" motion when it clearly is an untimely Rule 56 summary judgment motion. <u>See</u> Doc. No. 57 (Wonderful Citrus' motion telling the Court that it should resolve the motion because the Court has "inherent authority to manage trial," but nowhere mentioning Rule 56 or the relevant summary judgment standard). Jordan takes issue with Wonderful Citrus' procedural posturing, and the Court does as well for the following reasons.

First, under the Court's standard practice, a party opposing a summary judgment motion has at least fourteen days to prepare and file its opposition brief. L.R. 230. And in practice, the opposing party generally has considerably more than fourteen days because, in part, the movant is required by local rules to notify and meet and confer with the nonmoving party about the facts and issues of the summary judgment motion before filing the summary judgment motion. L.R. 260. These procedural requirements serve several important purposes, one of which being that the movant's statement of undisputed facts (ideally) helps preserve the time and resources of the opposing party and the Court by distilling and identifying the relevant facts and supporting evidence. Another reason is that summary judgment motions generally require thorough discussion and presentation of the facts and evidence, which is often an intensive task, and the opposing party needs to be provided with enough time to identify and present its arguments and evidence showing that disputed facts exist. <u>See</u> Fed. R. Civ. P. 56; <u>see also</u> <u>Stella v. Town of Tewksbury, Mass.</u>, 4 F.3d 53, 56 (1st Cir. 1993) (acknowledging that responding to a summary judgment motion requires a "special sort of preparation" and faulting a trial court for "unfairly sandbagging" litigants by not providing them with sufficient time to conduct that special sort of preparation). Here, Wonderful Citrus' summary judgment motion — which was filed pursuant to the motion in limine briefing schedule, which allowed only ten days for parties to prepare opposition briefs — placed Jordan in a prejudiced position. Namely, in the ten days allotted for

the parties to prepare and file oppositions to motion in limine, Jordan was forced not only to respond to Wonderful Citrus' fifteen motions in limine but also to respond to Wonderful Citrus' summary judgment motion. This is not insignificant, especially considering that the motion in limine briefing occurred shortly before trial, which is typically a strenuous time for litigants and their counsel because they are finalizing trial strategy and preparing witnesses in addition to wrestling with motions in limine. Additionally, Wonderful Citrus' summary judgment motion failed to include the requisite statement of undisputed facts, thereby further burdening Jordan's task of presenting an opposition.

Second, the Court's rules are only rules if they are enforced; otherwise they're just recommendations. See L.R. 110. The Court uses its rules and scheduling orders "to fix reasonable times for the completion of discovery and thereafter reasonable times in which motions for summary judgment are to be filed." Kennedy v. City of Cleveland, 797 F.2d 297, 301 (6th Cir. 1986). There is an inherent "quid pro quo" in the Court's deadlines for summary judgment motions, "even those [motions] which may challenge the plaintiff's right to go to trial": namely, "in exchange for the defendant's right to interrupt the judicial process, the court may expect a reasonable modicum of diligence in the exercise of that right." Id. (emphasis added). Here, the Court required the parties to file summary judgment motions no later than May 8, 2019. But without providing the Court with a single explanation as to why, Wonderful Citrus filed its summary judgment motion more than three months after the deadline. The Court has reviewed the summary judgment motion, and the Court sees no good reason for why the motion was not made before or closer to the deadline.

Third, Wonderful Citrus attempted to disguise its summary judgment motion in the garb of a "trial management" motion. See Doc. No. 57. The motion — likely conscientiously — totally avoided mentioning Rule 56. This was despite the fact that the motion repeatedly invoked the summary judgment standard of Rule 56, such as by arguing that "the undisputed facts establish that the communications were made on privileged occasions" and, therefore, the "Court should resolve the applicability of the common-interest privilege now because it is a key question of law."

Id.  In the Court's view, Wonderful Citrus did itself no favors by failing to treat and refer to the summary judgment as what it really is.

In light of the foregoing, particularly the prejudice to Jordan, the Court declines to consider the merits of Wonderful Citrus' summary judgment motion.  Therefore, the evidence and facts surrounding the applicability of the common-interest privilege will proceed to trial, at which time the parties may consider addressing the issue through proposed jury instructions, judgment as a matter of law, or some other appropriate procedure.

## **ORDER**

Accordingly, IT IS HEREBY ORDERED that Wonderful Citrus' common-interest privilege motion (Doc. No. 57) is DENIED.

IT IS SO ORDERED.

Dated:   August 30, 2019         _____

SENIOR  DISTRICT  JUDGE