UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES K. JORDAN,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**WONDERFUL CITRUS PACKING LLC,**<br>**a California limited liability company,**<br><br>    **Defendants.** | CASE NO. 1:18-cv-00401-AWI-SAB<br><br>**ORDER ON DEFENDANT**<br>**WONDERFUL CITRUS PACKING**<br>**LLC'S MOTION TO STAY JUDGMENT**<br>**PENDING APPEAL AND FOR**<br>**APPROVAL OF BOND**<br><br>(Doc. No. 221) |

Before the Court is a motion filed by Defendant Wonderful Citrus Packing LLC seeking to stay an adverse judgment pending appeal. For the reasons that follow, the Court will reserve its ruling on the motion and direct Wonderful Citrus to submit an amended proposed supersedeas bond that complies with this order.

**BACKGROUND**

This case arises from Plaintiff James K. Jordan's defamation claim against Wonderful Citrus, his former employer. A jury found in Plaintiff's favor in the amount of $4,941,071. After its post-trial motions were denied, Wonderful Citrus filed a timely notice of appeal. Now, pursuant to Federal Rule of Civil Procedure 62(b) and Eastern District of California Local Rule 151, Wonderful Citrus moves the Court to stay the judgment and approve its proposed supersedeas bond. Plaintiff has not submitted any opposition to these requests.

# **DISCUSSION**

Federal Rule of Civil Procedure 62(b) states in full:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b); see also N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988) (explaining that a supersedeas bond is meant to protect against the risk of a later uncollectible judgment and compensate for delay in the enforcement of the judgment). Where a party has posted a bond acceptable to the court, the party is entitled to a stay "as a matter of right" under Rule 62. Matter of Combined Metals Reduction, Inc. 557 F.2d 179, 193 (9th Cir. 1977).[1]

While Rule 62(b) is silent on the required amount or form of any supersedeas bond, these specifics are addressed by Local Rule 151. See L.R. 151(a); see also Rachel v. Banana Republic, Inc., 831 F.2d 1503, 1505 n.1 (9th Cir. 1987) ("District courts have inherent discretionary authority in setting supersedeas bonds[.]"). In particular, Local Rule 151(d) provides that "[w]hen required, a supersedeas bond shall be 125 percent of the amount of the judgment unless the Court otherwise orders." L.R. 151(d). The form of a bond is governed by Local Rule 151(e), which states that it "shall be given, signed and acknowledged by the party offering it and by that party's surety," and that every bond "shall state the conditions of the obligation and shall contain a provision expressly subjecting it to all applicable federal law." L.R. 151(e). Where a corporate surety is used, Local Rule 151(f) provides that no bond shall be accepted "unless the corporate surety is in compliance with the provisions of 31 U.S.C. §§ 9304–06" and the party offering the bond has presented "a duly authenticated power of attorney appointing the agents or officers executing such obligation to act on behalf of the corporate surety." L.R. 151(f).

With its motion, Wonderful Citrus attached a proposed supersedeas bond in the amount of $6,215,728.17, which is 125% of the $4,941,071 verdict and the $31,511.54 award of costs. Doc.

---

[1] Recent amendments to Rule 62 moved the provision regarding stays obtained with supersedeas bonds from subdivision (d) to subdivision (b). Fed. R. Civ. P. 62 advisory committee's note to 2018 amendment; see also 11 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2905 (3d ed.) (addressing 2018 amendments to Rule 62). While noticeable when comparing this case to the pre-2018 decisions cited in this order, this reorganization of Rule 62 has no substantive effect on the outcome here.

No. 221-2.  The bond has been given, signed, and acknowledged by both Wonderful Citrus and its corporate surety, Fidelity & Deposit Company of Maryland.  Through the documentation provided, Wonderful Citrus has established that its surety complies with 31 U.S.C. §§ 9304–06, and presented a power of attorney that complies with Local Rule 151(f).  The bond states the conditions of the obligation, including its duration (i.e., effective until Wonderful Citrus pays any part of the underlying judgment based on a determination of any appeal or otherwise).  Yet, the bond does not include "a provision expressly subjecting [the bond] to all applicable federal law."  Without this, the bond does not satisfy the requirements of Local Rule 151(e), and the Court cannot find it acceptable for purposes of a stay under Rule 62(b).  See Vahora v. Valley Diagnostics Lab., Inc., No. 1:16-cv-01624-SKO, 2019 WL 5960204, at *2–3 (E.D. Cal. Nov. 13, 2019) (rejecting a proposed bond that did not meet the requirements of Local Rule 151(e)).

At this stage, the Court will reserve its ruling on Wonderful Citrus's motion, and grant Wonderful Citrus leave to file an amended proposed bond that complies with this order.  If an amended proposed bond is timely filed, the Court will enter a separate order approving or rejecting the bond.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. By December 21, 2020, Wonderful Citrus shall file either:
   a. An amended proposed bond that complies with this order; or
   b. A statement showing good cause why it is unable to do so.
2. Plaintiff shall not execute on the judgment or initiate proceedings to enforce it, unless the Court orders otherwise.

IT IS SO ORDERED.

Dated:   December 15, 2020                                    _____
                                                              SENIOR DISTRICT JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28